IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES K. AMOAKO,

    Petitioner,               No. 2:12-cv-1130 KJN P

    vs.

J. BUILTEMAN,

    Respondent.           ORDER

_____/

      Petitioner is a state prisoner proceeding without counsel. Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On April 2, 2013, the undersigned denied petitioner's application for writ of habeas corpus, declined to enter a certificate of appealability, and judgment was entered. On July 25, 2013, petitioner filed a motion for extension of time in which to file a notice of appeal. On July 26, 2013, petitioner filed a letter in which he asked the court to reopen his case and give him an extension of time in which to appeal. Petitioner also seeks appointment of counsel.

      In his request to reopen the case, petitioner states that he had a "mental illness breakdown" on May 3, 2013, and was placed in a crisis bed. (ECF No. 30 at 1.) When petitioner was released from the crisis bed, he was placed in administrative segregation and discovered that all of his property had been lost. Petitioner states that he was trying to appeal the judgment when

he was admitted to the crisis bed. Petitioner claims he cannot proceed with his appeal at this time because he has none of his legal materials. Liberally construed, petitioner seeks leave to appeal the judgment entered in this action.

An appeal "from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk." Fed. R. App. P. 3(a)(1). The notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). However, the district court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires," and "shows excusable neglect or good cause." Rule 4(a)(5)(A).

Here, the deadline to file an appeal expired on May 2, 2013. Under the mailbox rule, petitioner's request for extension was filed on July 21, 2013. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). In order for petitioner's request to be timely, it must be filed within 30 days of May 2, 2013. Because 30 days expired on Saturday, June 1, 2013, petitioner's request for extension was due on or before June 3, 2013. However, petitioner did not file his request until July 21, 2013. Thus, petitioner's request for extension to file an appeal is untimely under Rule 4(a)(5)(A)(i), and must be denied.

The court construes petitioner's request to reopen the case as a request for leave to reopen the appeal period. Federal Rule of Appellate Procedure 4 provides, in relevant part,

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but **only if all the following conditions are satisfied**:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

////

2

1              (c) the court finds that no party would be prejudiced.

2  Fed. R. App. P. 4(a)(6) (emphasis added).

3       Here, judgment was entered on April 2, 2013.  Petitioner concedes he received the order
4  and judgment because he claims he was working on the appeal when he suffered his breakdown
5  on May 3, 2013.  Moreover, the appeal was due on May 2, 2013, before petitioner suffered the
6  breakdown, and before his property was lost.  Rule 4(a)(6) requires petitioner to meet all three
7  conditions in order for the court to reopen the appeal period.  Because petitioner received timely
8  notice of the April 2, 2013 order and judgment, his motion to reopen the appeal period was due
9  14 days after April 2, 2013, but was not filed until July 22, 2013.  Thus, petitioner cannot meet
10 condition (A) or (B).  Therefore, petitioner's request to reopen the appeal period must be denied.
11 "The procedures set forth in rule 4 are strictly construed; there is no exception for prisoners
12 proceeding pro se or for habeas corpus actions."  Malone v. Avenenti, 850 F.2d 569, 572 (9th
13 Cir. 1988).

14      Finally, petitioner requested the appointment of counsel.  There currently exists no
15 absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d
16 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at
17 any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing
18 § 2254 Cases.  In the present case, the court does not find that the interests of justice would be
19 served by the appointment of counsel at the present time.

20      Accordingly, IT IS HEREBY ORDERED that:

21      1. Petitioner's motion for extension of time (ECF No. 28) is denied as untimely;

22      2. Petitioner's motion to reopen the time for filing an appeal (ECF No. 30) is denied as
23 untimely; and

24 ////

25 ////

26 ////

3.  Petitioner's motion for appointment of counsel (ECF No. 29) is denied without prejudice.

DATED:  August 1, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

amoa1130.app